**Dionisio Lebrilla BARRIENTOS, Petitioner,**

v.

**Eric H. HOLDER, Jr., Attorney General, Respondent.**

**No. 05–71812.**

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 14, 2009.*

Filed Sept. 28, 2009.

A. Erwin Bautista, Esquire, National City, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Marie K. McElderry, Esquire, DOJ–U.S. Department of Justice, Washington, DC, OIL, DOJ–U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

MEMORANDUM **

Dionisio Lebrilla Barrientos, a native and citizen of the Philippines, petitions for review of the Board of Immigration Appeals' ("BIA") order summarily affirming an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. Reviewing for substantial evidence, *Lim v. INS,* 224 F.3d 929, 933 (9th Cir.2000), and reviewing de novo the due process contentions, *Ram v. INS,* 243 F.3d 510, 516 (9th Cir.2001), we deny in part and dismiss in part the petition for review.

We lack jurisdiction to consider Barrientos's contention that changed circumstances excused the untimeliness of his asylum application, as he did not raise that challenge to the agency. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004).

---

ed by 9th Cir. R. 36–3.

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

We therefore dismiss the petition as to the asylum claim.

The IJ's determination that Barrientos failed to establish a clear probability of future persecution is supported by substantial evidence because Barrientos failed to establish a nexus to a protected ground. *See Sangha v. INS*, 103 F.3d 1482, 1487 (9th Cir.1997). We therefore deny the petition as to withholding of removal.

Barrientos's contention that the IJ violated due process by displaying bias is not supported by the record. The proceedings were not "so fundamentally unfair that he was prevented from reasonably presenting his case." *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000) (citation omitted).

We lack jurisdiction to review Barrientos's contention that he suffered ineffective assistance of counsel before the IJ because he failed to exhaust his administrative remedies. *See Ontiveros–Lopez v. INS*, 213 F.3d 1121, 1124 (9th Cir.2000) (requiring exhaustion of claims of ineffective assistance of counsel). His remaining due process contentions are also unexhausted. *See Barron v. Ashcroft*, 358 F.3d 674, 678 (9th Cir.2004).

Barrientos' motion to take judicial notice is granted.

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.